Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 9068 | DATE | 9/11/2003 |
| CASE TITLE | MARK L. DANIELS vs. UNITED PARCEL SERVICE | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/24/2003 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss is denied pursuant to Rule 12(b)(6). [8-1]

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 12 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 12 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK L. DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 9068 |
| v. | ) | |
| | ) | Judge Guzman |
| | ) | |
| UNITED PARCEL | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending is Defendant United Parcel Service's Motion to Dismiss the Complaint of Plaintiff Mark Daniels pursuant to Rules 8(a) and 8(e)(1) and/or Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the foregoing reasons, the Defendant's Motion is DENIED pursuant to Rule 12(b)(6).

## FACTS

Plaintiff was employed by United Parcel Service ("UPS") at its facility at 1400 E. Jefferson Street in Chicago; he had worked as a Maintenance Mechanic since 1990. (Pl.'s Compl.) On July 28, 2001, Plaintiff was discharged from employment following a dispute over alleged time worked on May 27, 2001. (Pl.'s Compl.) Daniels filed a Charge of Discrimination against UPS with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on December 24, 2001. (Pl.'s Compl.) The EEOC issued Plaintiff a *Notice of Right to Sue* on September 16, 2002. Plaintiff filed a Complaint of Employment Discrimination in December 2002 which was served on UPS around

1

January 15, 2003. (Def.'s Mot. at 1.)

## DISCUSSION

A. Rule 8(a) and (e)(1) Analysis

Defendant asserts that Plaintiff has not conformed to Fed.R.Civ.P. 8(a) and 8(e)(1), which provide that pleadings must be "a short and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct." Admittedly, Defendant's three-page, small-font statement is excessive; he includes events that happened to other workers and that are unrelated to his claim. However, the allegations are not so confusing and ambiguous that the court cannot discern his intent. A plaintiff "does not have to prove its factual and legal allegations at this stage, [they] must only show that relief is possible." *Alper v. Altheimer & Gray*, 257 F.3d 680, 687 (7th Cir. 2001). Pleadings "must be liberally construed and mere vagueness or lack of detail alone cannot be sufficient grounds for dismissal." *Stepan Co. v. Winter Panel Corp.*, 948 F.Supp. 802, 805 (N.D. Ill. 1996). In general, the complaint has set forth several discrete incidents upon which Plaintiff intends to base his theory of discrimination; the defendant would not be burdened by investigation of these claims.

Moreover, where the Court has dismissed excessively long complaints they have been much longer then the one at hand. *see Massey v. Wheeler*, 221 F.3d 1030, 1036 (7th Cir. 2000) (complaint "rambles through fifty-six pages"); *Slovinec v. DePaul Univ.*, No. 01 C 0576, 2002 WL 242516, at *1 (N.D. Ill. 2/20/2002) (complaint in excess of 100 pages); *Daoust v. Edgewater Medical Center*, 2001 WL 503038, at *1 (N.D. Ill. 5/11/2001) (complaint 66 pages). While lengthy, Plaintiff's complaint is not so "impenetrable" that it cannot pass the liberal pleading rules. Plaintiff's claim will not be dismissed on these grounds.

2

B. Rule 12(b)(6) Analysis

   a. Hostile Work Environment

Plaintiff claims he was discriminated against beginning July 28, 1999, culminating in his dismissal on June 28, 2001. (Pl.'s Compl.) 42 U.S.C. §2000e-5(e)(1) provides that complainants seeking relief from unlawful employment practices through the EEOC must file with the Commission within 300 days of the occurrence of the discriminatory action. Plaintiff lists allegations going back to 1999; however, he did not file with the EEOC/IDHR until late 2001. (Pl.'s Compl.) Plaintiff may include all claims related to his dismissal if he can prove each act was related and that over time he was subjected to a hostile work environment - a "series of separate acts that collectively constitute one 'unlawful employment practice.'" *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 2061, 2074 (2002); 42 U.S.C. § 2000e-5(e)(1). If the acts comprise a pattern of discrimination, even those outside the statute of limitations may be considered. Yet if acts outside the filing period have no relation to the alleged discriminatory acts "or for some other reason, such as certain intervening action by the employer, was no longer part of the same hostile environment claim, then the employee can not recover for the previous acts." *Id.* at 2075.

Here, the alleged racial slurs spoken by Robert Olson in 1999 and 2001, the alleged statements by Bill Beach in 2001, and the time card dispute ending with a discharge of employment cannot be considered part of a pattern that would lead one to conclude discrimination. Plaintiff furthermore states that when he made a formal complaint after the first incident with Robert Olson in 1999, the problem was resolved with Olson being fired.

On a motion to dismiss for failure to state a claim, the court must take all well-pled facts presented by the plaintiff as true; allegations will be construed in a light most favorable to the

3

plaintiff. *Kaiser v. Naperville Community Unit*, 227 F.Supp. 2d 954, 960 (N.D. Ill. 2002). Plaintiff cites several instances of a co-worker using racial slurs or racially derogatory statements. (Pl.'s Compl.) However, these statements by themselves cannot be linked to the ultimate termination of Plaintiff's employment; "[s]tatements by employees do not demonstrate an employer's intent to discriminate," unless the employee has a direct effect on the employment decision in question. *Vakharia v. Little Company of Mary*, 917 F.Supp. 1282, 1295 (N.D. Ill. 1996). Plaintiff does not allege that Robert Olson played any role in his termination. Thus statements made by him as a co-worker are beyond the scope of this Complaint. The 1999 claims cannot be considered as part of a continuing pattern of discrimination and are thus time-barred from the present Complaint.

    b. *Prima Facie* Case

Plaintiff's claim must be dismissed under Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. To allege racial discrimination against an employer, a plaintiff must prove either direct evidence, such as "an acknowledgment of discriminatory intent by the defendant or its agents", or indirect (circumstantial) evidence. *Troupe v. May Dept. Stores*, 20 F.3d 734, 736 (7th Cir. 1994). Plaintiff is correct in his Response that he must use the second method, and thus must make out a *prima facie* case of discrimination. *Vakharia*, 917 F.Supp at 1295. The elements of such a claim are: (1) he belongs to a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside of his protected class more favorably. *Contreras v. Suncast Corp.*, 237 F.3d 756, 759 (7th Cir. 2001); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973). Failure to satisfy any part of the claim is grounds for dismissal. Defendant contends that Plaintiff has failed to satisfy elements three and four of his prima facie case.

i. Termination/Adverse Action

Defendant's first argument as to dismissal of Plaintiff's Title VII claim contends that Plaintiff has failed to plead sufficient facts to satisfy element three of Plaintiff's prima facie case. We disagree. Plaintiff has set forth sufficient facts to support element three. Reading the complaint liberally it can be concluded that Plaintiff suffered an adverse employment action. Plaintiff was technically not terminated, as he admits in his complaint. Rather, Plaintiff states that he chose to accept management's alleged offer of voluntary resignation. In Illinois, an *actual* discharge may occur where a plaintiff is forced to resign, rather than be fired. *Rushing v. Gleeson, Sklar, Sawyers & Cumpata*, 2000 WL 555506, at \*4 (N.D. Ill. 5/4/2000) (citing *Hinthorn v. Roland's of Bloomington*, 503 N.E.2d 1128, 1129 (Ill.App. 3d 1987)). The court in *Hinthorn* ruled that the employee in question, who signed a "Voluntary Resignation" form, nonetheless was discharged because had she refused to sign, she would have been fired anyway. *Id.* Since Plaintiff was given the choice of voluntary resignation or termination, he will be considered as actually discharged from Defendant's employ.

ii. Similarly Situated Employees

Defendant's second argument is that Plaintiff cannot prove the fourth element in a *prima facie* discrimination claim. For employees to be considered similarly situated, the plaintiff generally must show "that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them." *Radue v. Kimberly-Clark*, 219 F.3d 612, 617-618 (7th Cir. 2000). In the two instances of similarly situated employees that Plaintiff cites, both were discharged for the same reason as him - for "stealing company time." (Pl.'s Compl.) Though Plaintiff notes that the employees returned to work the

5

month after they were terminated, he does not explain the circumstances or process by which they were reinstated. Without more information, what the court is left with is that two similarly situated employees were *fired* - certainly a treatment equal to that which Plaintiff suffered. Furthermore, Plaintiff only alleges that these employees were non-black and mechanics. He makes no reference to how they are similarly situated to him - level of employment, seniority, the same supervisor, etc. Despite these shortcoming Plaintiff has set forth enough facts in his complaint to survive Defendant's motion to dismiss. In particular, Plaintiff states that [w]hite employees are not permanently terminated when found flagrantly guilty of time theft (Pl.'s Compl. ¶ 13 section 2). Discovery will reveal whether or not there were similarly situated non-black employees who were treated more favorably than Plaintiff. Thus, Defendant's argument as to Plaintiff's failure to state a *prima facie* case are insufficient as a matter of fact.

## CONCLUSION

For the above-mentioned reasons, Defendant's Motion to Dismiss is denied pursuant to Rule 12(b)(6) [Docket No. #8].

SO ORDERED.                                    ENTERED: 9/11/03

Ronald A. Guzman
United States Judge

6