Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9068 | **DATE** | 3/19/2004 |
| **CASE TITLE** | Mark L. Daniels vs. United Parcel Service, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the Court denies Defendant's Rule 12(f) motion to strike portions of amended complaint [21-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | 25 |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 22 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
MAR 2 2 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARK L. DANIELS, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02 C 9068 |
| UNITED PARCEL SERVICE, INC., | ) ) | Judge Ronald A. Guzmán |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark L. Daniels ("Daniels") has sued United Parcel Service, Inc. ("UPS") for discrimination based on his race, national origin and color in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981. Defendant has moved to strike portions of Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(f) [Docket No. 21-1]. For reasons set forth below, the Court denies Defendant's motion to strike.

## FACTS

The following facts are taken from the amended complaint. Mark Daniels, a black male, began employment with UPS on January 2, 1990. He worked part-time as a seasonal dock loader for UPS from 1990 to 1993, at which time he was promoted to a full-time Maintenance Mechanic. In July 1999, he began to suspect preferential treatment based on race on the part of UPS. Specifically, Daniels alleges that from July 1999 on, he was the target of various racial slurs made by supervisors, managers, and employees of UPS; that he filed formal complaints with UPS about those incidents; and that UPS was negligent in punishing those responsible for the harassment and preventing future racial harassment in the workplace. Daniels' employment with UPS was

1

25

terminated on July 28, 2001, following a dispute over "stolen time" on May 27, 2001. Daniels claims that UPS fired him with discriminatory intent.

On or about December 24, 2001, Daniels filed a Charge of Discrimination with the Illinois Department of Human Rights, concurrently filing that charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Notice of Right to Sue on September 16, 2002. Daniels filed a *pro se* Complaint of Employment Discrimination against UPS on December 13, 2002, asking the court to grant reinstatement as well as other injunctive relief, lost wages, compensatory and punitive damages, attorneys fees and costs. He alleged discrimination based on his race, national origin and color in violation of Title VII and 42 U.S.C. § 1981.

On September 11, 2003, in an order denying Defendant's motion to dismiss, this Court ruled that Plaintiff's original *pro se* allegations of racial harassment by his co-worker, Robert Olson, were time-barred. This alleged harassment had occurred in 1999, approximately two years prior to Plaintiff's filing of a complaint with the EEOC. 42 U.S.C. § 2000e-5(e)(1) provides that complainants seeking relief from unlawful employment practices through the EEOC must file with the Commission within 300 days of the occurrence of the discriminatory action. This Court noted that the harassment allegations in the original complaint did not qualify for the exception to EEOC's 300-day rule because they "cannot be considered part of a pattern that would lead one to conclude discrimination," given that there was no identifiable link in the complaint between the harassment and UPS's decision to terminate Plaintiff. Thus, this Court held that the 1999 harassment claims were time-barred by the EEOC's 300-day statute of limitations. *Daniels v. United Parcel Serv., Inc.*, 2003 U.S. Dist. LEXIS 16097, at *4-5 (N.D. Ill. Sept. 11, 2003). Subsequently, the Plaintiff retained new counsel, who filed an amended complaint on October 17, 2003.

Defendant has moved to strike portions of the amended complaint, specifically paragraphs 12 and 14, pursuant to Federal Rule of Civil Procedure 12(f).

Paragraph 12 of the amended complaint reads:

> Plaintiff was racially harassed by other employees including Robert Olson and supervisor Bill Beach and subjected to a racially hostile

2

work environment during his entire period of employment. He complained to different individuals at UPS. However, UPS failed to take appropriate action to prevent the continuing harassment from recurring since it reinstated the person who had harassed Plaintiff and refused to heed his complaints of continuing harassment.

Paragraph 14 of the amended complaint reads:

Plaintiff has been discriminated and harassed against based on his race, African American, in that he was subjected to different terms and conditions of employment than similarly situated Non-African American employees and was discharged on the basis of his race thereby violating 42 U.S.C. § 2000e-2(a)(1). More particularly, Plaintiff Daniels was accused of stealing time by not performing overtime work for which he claimed wages. Plaintiff Daniels was required to prove that he had performed overtime work on May 27, 2001 and not given a reasonable opportunity to do so. On July 28, 2001, Plaintiff Daniels was discharged for failing to be able to prove that had pad [sic] performed the overtime work on May 27, 2001.

UPS also seeks to strike Paragraph B of the Plaintiff's prayer of relief, which requests damages for racial harassment.[1]

## DISCUSSION

Rule 12(f) permits the court to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This court may exercise its Rule 12(f) power when "the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party." *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997); *see also* 5A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (1990) ("Motions to strike are viewed with disfavor because the

---

[1] In addition, Defendant's motion points out that Paragraph A of Plaintiff's prayer for relief seeks to "[e]njoin Defendant from discriminating and harassing on the basis of *sex*" (emphasis added), while the amended complaint only states a claim on the basis of *race*. The court will freely give leave to amend as "justice so requires." Fed. R. Civ. P. 15(a). Here, Plaintiff argues that the word "sex" instead of "race" in Paragraph A was merely a typographical error, so he should have an opportunity to correct the mistake. Given that Defendant was on notice from the remainder of the complaint that the Plaintiff intended to enjoin Defendant from race-based discrimination, a leave to replace the word "sex" with the word "race" in Paragraph A of the prayer to relief is granted.

3

striking of a portion of a pleading is a drastic measure."). Defendant bears the burden of showing that the "challenged allegations are so unrelated to Plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctrs.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998).

Here, Defendant claims that the paragraphs' references to co-worker harassment, and the request for relief from harassment, are barred by this Court's September 11, 2003 ruling, which held that Plaintiff's claims of racial harassment by Robert Olsen are time-barred by the EEOC's 300-day filing requirement. Plaintiff responds that UPS's failure to respond to or prevent co-worker harassment of Plaintiff represents a pattern of discrimination, constituting "one unlawful employment practice." More specifically, Daniels alleges that references to racial harassment are included to demonstrate that UPS's termination of Daniels were motivated by racial malice.

As this Court explained on September 11, 2003, "Plaintiff may include all claims related to his dismissal if he can prove each act was related and that over time he was subjected to a hostile work environment – a series of separate acts that collectively constitute one unlawful employment practice." *Daniels*, 2003 U.S. Dist. LEXIS at *4 (quoting *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)) (internal quotations omitted). Defendant correctly points out that there was no hostile work environment claim included in Plaintiff's EEOC Charge of Discrimination. The EEOC/IDHR Charge of Discrimination cited as the only issue termination on the basis of race, and this Court struck down the extraneous parts of the Plaintiff's complaint on September 11, 2003. In other words, Plaintiff may not rely on paragraphs 12 and 14 to support a hostile work environment claim based on his race; this Court has already made clear that he is barred from pursuing that claim.

Additionally, racial slurs made by co-workers such as Robert Olson "by themselves cannot be linked to the ultimate termination of Plaintiff's employment," and "'do not demonstrate an employer's intent to discriminate.'" *Daniels*, 2003 U.S. Dist. LEXIS, at *5 (quoting *Vakharia*, 917 F. Supp. at 1295). However, Plaintiff may "attempt to rely on such paragraphs to support his

4

discrimination claim to prove that the decisionmaker(s) held a prohibited discriminatory animus or that similarly situated individuals outside of his protected class were treated more favorably." *Recker v. Jewel Food Stores, Inc.*, 2003 U.S. Dist. LEXIS 15535, at *11 (N.D. Ill. Aug. 28, 2003). In this case, Plaintiff may try to demonstrate at subsequent stages of the litigation that UPS's complicity with racial harassment in the workplace, including its decision to rehire Olson after he had allegedly harassed Plaintiff, proves that its management harbored race-based malice towards Plaintiff, which ultimately motivated its decision to terminate him. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976).

Defendant has failed to show that Plaintiff's claim is "devoid of merit, unworthy of consideration, and unduly prejudicial" because Plaintiff sufficiently alleges a link between the allegations in Paragraphs 12 and 14 and his cause of action for race-based termination under Title VII and 42 U.S.C. § 1981. *Vakharia*, 2 F. Supp. 2d at 1033. Accordingly, this Court denies Defendant's Rule 12(f) motion.

## CONCLUSION

For the reasons set forth above, the Court denies Defendant's Rule 12(f) motion to strike portions of the amended complaint [Docket No. 21-1].

**SO ORDERED**  ENTER: 3/19/04

HON. RONALD A. GUZMAN
United States Judge